THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO. V. BEAN.

1. **Railroads**: RIGHT OF WAY: COMPLAINT BY LESSEE OF LAND. A lessee of land over which a railroad is in operation at the date of the lease has no greater right to question the validity of the company's right of way than the lessor had when the lease was made.

2. —— : —— : CONDEMNATION: FORM AND EFFECT OF AWARD. Where the real owner of land is made a party to proceedings to condemn right of way for a railroad, the proceedings will be valid as against him, though language used by the commissioners in their award may indicate that in their opinion an unknown lessee has an interest in it.

3. —— : —— : LOSS BY NON-USER: SECOND AWARD OF DAMAGES. Where right of way for a railroad has been regularly condemned as against the owner of the land, and the award has been paid to the sheriff, and the owner neither appeals nor takes the award, and the company fails to use the right of way for so long a time as to incur a forfeiture under §§ 1260, 1261 of the Code, as amended, but afterwards builds its road thereon, the owner cannot maintain proceedings under the statute for a second award of damages; for the first award is still in the hands of the sheriff for the benefit of the owner, and the statute plainly provides that, notwithstanding an abandonment, he shall not be entitled to be paid twice for the right of way.

*Appeal from Kossuth Circuit Court.*

MONDAY, JUNE 21.

THIS case involves the validity of the plaintiff's right of way for its railroad over 160 acres of land in Kossuth county. The court below held that the right of way was valid, and the defendant appeals. The facts appear in the opinion.

*A. F. Call*, for appellant.

*Geo. E. Clarke*, for appellee.

ROTHROCK, J.—The cause was determined by overruling a demurrer to the plaintiff's petition. The facts, as they appear in the petition, are as follows: The land over which the right of way is in controversy is a part of what is known

as the "Agricultural College Grant." In the year 1870, the McGregor & Missouri River Railway Company, being then about to construct its road west from Algona, located its line over the land in question, and proceeded to condemn the right of way. The condemnation proceedings were in all respects in conformity with the law. "The Iowa Agricultural College and its lessees" were made parties to the proceeding by proper publication of notice. The sum of six dollars was awarded by the commissioners for right of way over said tract of land, which sum was paid into the hands of the sheriff, where it has ever since remained. The road was not constructed over the land by the McGregor & Missouri River Railway Company, and in the year 1878 said company conveyed the right of way, and all its rights and franchises, to the plaintiff. In the months of May and June, 1878, the plaintiff proceeded to construct its line of road over said right of way, and has ever since held possession of the same, and operated its railroad thereon. At the time the right of way was condemned the land was unimproved prairie. It appears that in 1865 the trustees of the agricultural college leased the land to one Tracey, which lease was forfeited in 1876. Afterwards it was leased to one Omelia, and the lease was forfeited November 21, 1878. It was again leased to one Segfield in 1882, and in June of the same year Segfield assigned his lease to the defendant; and in October of that year the defendant conceived the idea that the condemnation of right of way did not invest the plaintiff with any right, and he instituted proceedings under the statute to ascertain the damages to the land by reason of the plaintiffs having appropriated 100 feet in width through it for railroad purposes. The petition demands that the proceedings taken by the defendant be canceled, and held for naught.

In 1870, when the right of way was condemned, the land was under lease to Tracey. He forfeited his lease in 1876.

1. RAILROADS: right of way: complaint by lessee of land.

The defendant does not hold under him. His rights, if any, accrued under the lease made to Segfield in 1882, some four years after the road was built and in operation. He therefore holds under the agricultural college, and it appears very plainly to us that, if the college had no right to complain of the condemnation proceedings when it made the lease to Segfield, the plaintiff has no right to do so now.

2. ——: ——: condemnation: form and effect of award.

It is claimed that the land was not condemned as against the college, but only as against the holder of the lease. It is true, the commissioners, in their return, after describing the land used this language: "of which [land] some unknown person is the owner of, a lease for ten years,"—and in making the assessment, they use the words "said owner" and "to said owner." The law requires that the commissioners shall condemn the land. Successive condemnation proceedings against the owners of separate interests in the land are not contemplated. The agricultural college was made a party, and, whatever the precise form of the award was, it was a condemnation of the *land*, binding upon all persons who were made parties to the proceeding.

3. ——: ——: loss by non-user: second award of damages.

It is claimed by counsel for appellant that the right of way was forfeited by non-user for eight years, as provided in sections 1260 and 1261 of Miller's Code. These sections provide that if a railroad right of way shall not be used or operated for a period of eight years, the land, and the title thereto, shall revert to the owner of the tract from which it was taken; but that "parties who have previously received compensation, in any form, for the right of way on the line of such abandoned railway, which has not been refunded by them, shall not be permitted to recover the second time. * * * "

It is true that the agricultural college, the owner of the land, did not actually receive the money awarded by the commissioners, in the sense that it came into the hands of its

proper officer. But no appeal was taken from the assessment, and it is to be presumed that the land-owner and the railroad company were satisfied therewith, and, while the college was still the owner, the railroad was constructed without objection, and this was four years before the defendant acquired any interest in the land. The railroad company has had no right at any time to withdraw the money from the sheriff, and the defendant has no such right. The agricultural college may have the right to do so. Under these circumstances, we think that it should be held that the defendant has no right to be paid for the right of way, because the damages paid therefor have not been refunded to the railroad company, as required by law. The plain provision of the statute is that, notwithstanding there has been an abandonment of the line, the land-owner shall not be entitled to be paid twice for the right of way.

AFFIRMED.